El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
El 1 de junio de 2006, luego de una alegación de culpa-bilidad, George Acevedo Ramos fue sentenciado a tres años en libertad a prueba por una . infracción al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico (Ley de Sus-tancias Controladas), Ley Núm. 4 de 23 de junio de 1971 (24 L.P.R.A. see. 2404). Entre las condiciones impuestas al ser sentenciado, Acevedo Ramos aceptó que de cometer un delito grave, la vista sumaria inicial de revocáción de pro- *222 batoria se celebraría conjuntamente con la vista para la determinación de causa probable para el arresto.
A los cuatro meses de encontrarse disfrutando del bene-ficio de libertad a prueba, Acevedo Ramos fue acusado de infringir el Art. 401 de la Ley de Sustancias Controladas, 24 L.RR.A. see. 2401, lo cual constituye un delito grave. A estos efectos, el agente interventor citó a Acevedo Ramos para que el 19 de octubre de 2006 compareciera ante el Tribunal de Primera Instancia, Sala Superior de Aguadi-11a, para la celebración de la vista de determinación de causa probable para arresto. Acevedo Ramos no compare-ció a la referida vista.
Así las cosas, se celebró la vista establecida en la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En ese momento, el Ministerio Público solicitó la celebración con-junta de la vista de determinación de causa probable para arresto y la vista sumaria inicial de revocación de probatoria. El juez denegó dicha petición por las razones siguientes: (1) el probando no estaba presente; (2) no había sido notificado, y (3) no estaba presente el oficial sociopenal. En vista de ello, acogió la moción del Ministerio Público como una solicitud de vista ex parte inicial de re-vocación y, en consecuencia, ordenó la citación de Acevedo Ramos para celebrar la vista sumaria inicial de revocación el 8 de noviembre de 2006.(1) Ello, no obstante, el juez de instancia halló causa probable por el delito que se le impu-taba y ordenó el arresto de Acevedo Ramos. Además, le fijó fianza de $30,000.
Inconforme, el Ministerio Público acudió en revisión ante el Tribunal de Apelaciones. Adujo que existe un pro-cedimiento especial de revocación de una probatoria concedida por el Art. 404(b)(1) de la Ley de Sustancias Contro-ladas, 24 L.P.R.A. sec. 2404(b)(1), cuando la persona *223 comete un nuevo delito grave. Sostuvo que la Ley de Sen-tencia Suspendida le confiere autoridad al juez para cele-brar simultáneamente la vista de determinación de causa probable para arresto junto con la vista sumaria inicial de revocación de probatoria. Argüyó, además, que al determi-narse causa probable contra el probando, ello constituye prueba suficiente para revocarle provisionalmente el privi-legio de libertad a prueba.
Por otro lado, en su comparecencia ante el Tribunal de Apelaciones, la representación legal del imputado argu-mentó que el reclamo del Ministerio Público era improce-dente porque el tribunal de instancia ordenó el arresto de Acevedo Ramos. Adujo que los hechos del caso de autos representan dos procesos separados e independientes —la vista de determinación de causa para arresto y la vista para la revocación sumaria inicial de probatoria— que no son susceptibles de adjudicarse como uno solo. Consecuen-temente, sostuvo que la situación de hechos no cae dentro de las excepciones provistas en la Ley de Sentencia Sus-pendida para celebrar una vista sumaria inicial en ausen-cia del probando.
El Tribunal de Apelaciones emitió una resolución —un tanto contradictoria entre sí— en la que denegó el recurso presentado por el Ministerio Público. Determinó que el re-currido había sido citado para la vista de determinación de causa para arresto y que, además, como parte de las con-diciones impuestas a Acevedo Ramos para la concesión de la probatoria, éste había aceptado que la vista sumaria de revocación inicial se celebraría conjuntamente con la vista para la determinación de causa probable para arresto en la eventualidad de una imputación por delito grave. Ello, no obstante, resolvió que, como el interés que pretendía prote-ger el Procurador General era que el probando no se eva-diera de la jurisdicción, dicho interés había quedado salva-guardado con la orden de arresto emitida por el tribunal de instancia.
*224 Insatisfecho, el Estado acudió ante este Tribunal —vía certiorari— para señalar que el Tribunal de Primera Ins-tancia incidió
... al denegar la celebración conjunta de la vista de causa probable para arresto y la vista sumaria inicial de revocad [ó]n de probatoria.
... al denegar el arresto sumario y preliminar, sin fianza, del probando por violentar las condiciones de su probatoria.
... al equiparar una orden de arresto por la existencia de causa probable con la orden de arresto emitida contra un pro-bando cuando [é]ste infringe las condiciones de su probatoria. Petición de certiorari, págs. 9-10.
Expedimos el recurso y, en auxilio de nuestra jurisdic-ción, paralizamos los procedimientos ante el Tribunal de Primera Instancia. Resolvemos.
I
[1 ] La Ley de Sentencia Suspendida establece un pro-cedimiento específico para revocar el beneficio de la libertad a prueba. 34 L.P.R.A. sec. 1026 et seq. Según resolviéramos en Martínez Torres v. Amaro Pérez, 116 D.P.R. 717 (1985), dicha ley se enmendó para incluir los pasos a seguir para lograr la revocación de una probatoria en cumpli-miento con el debido proceso de ley.
El inciso (1) del Art. 4 de la referida ley, 34 L.P.R.A. see. 1029, dispone que si el Ministerio Público desea obtener la revocación de la libertad a prueba de un probando, debe cumplir los requisitos siguientes: primeramente el tribunal, previa solicitud, debe celebrar un vista ex parte para evaluar si existe causa probable para creer que el pro-bando ha violado las condiciones de la probatoria. El juez determinará, en el ejercicio de su discreción, si ordena el arresto del probando en ese momento o lo cita para una vista posterior. Id.
De no ordenarse el arresto inmediato del pro- *225 bando, se deberá celebrar una vista sumaria inicial de ca-rácter informal. En dicha vista, el probando tiene la opor-tunidad de ser oído y presentar prueba a su favor. Puede, además, confrontar al oficial sociopenal promovente, al ofi-cial o encargado de la institución o programa a cargo de la rehabilitación del probando y a los demás testigos adversos disponibles en ese momento. En el inciso (2) del Art. 4 de la Ley de Sentencia Suspendida también se especifica que
[s]i se tratase de un probando, al cual se le imputa la comi-sión de un delito grave, que se encontrase disfrutando de li-bertad condicionada según se dispone en la sec. 1027a de este título, o de la libertad a prueba concedida en virtud de la see. 2404(b)(1) del Título 24 o de la Regla 247.1 de Procedimiento Criminal, Ap. II de este título, se celebrará la vista sumaria inicial de la forma y manera que aquí se provee, junto con la vista de determinación de causa probable del delito imputado de tal suerte que no se obstaculice la pronta y justa determina-ción de la misma. El tribunal podrá, en ese momento, revocar provisionalmente la libertad del probando. (Enfasis suplido.) 34 L.P.R.A. see. 1029(2).
Luego de celebrada la vista sumaria inicial, si se decreta la revocación provisional y el encarcelamiento del probando, deberá celebrarse un vista final. Esta vista tiene el propósito de revocar definitivamente el beneficio de sentencia suspendida. Es por ello que, como requisito, el probando tiene derecho a recibir notificación escrita previo a la celebración de dicha vista, como también a estar representado por un abogado. Igual que en la vista sumaria inicial, en dicha vista final el probando puede confrontar la prueba en su contra y presentar prueba a su favor. El peso de la prueba le corresponde al Ministerio Público, y la decisión del juez será mediante la preponderancia de la prueba. Además, el juez deberá formular determinaciones de hecho por escrito y justificar la revocación, según sea el caso. Dicha determinación se le debe notificar tanto al Ministerio Público como al probando. 34 L.P.R.A. see. 1029(3).
La Ley de Sentencia Suspendida establece que, de *226 surgir ciertas circunstancias, la vista sumaria inicial y la final se pueden consolidar. Estas circunstancias son: (1) si la vista inicial se suspendiera a petición o por causas atri-bulóles al probando; (2) si la vista inicial se suspendiera a petición o a solicitud del abogado del probando, o (3) cuando el Ministerio Fiscal no solicite o no logre obtener el arresto y encarcelación del probando. 34 L.P.R.A. see. 1029(3)(c).
Además de lo anteriormente expuesto, el Art. 2A de la Ley de Sentencia Suspendida, 34 L.P.R.A. sec. 1027a, requiere que la persona que reciba los beneficios de una libertad a prueba se comprometerá, por escrito, a no incurrir en conducta delictiva y no asociarse con personas reconocidas por su participación en actividades ilegales mientras se encuentre disfrutando de la libertad a prueba. En lo pertinente a la revocación de la libertad a prueba, dicha disposición estatutaria dispone:
Además, el probando, como condición a su libertad a prueba, consentirá a que, de ser acusado de cometer un delito grave, se celebre conjuntamente con la vista de determinación de causa probable la vista sumaria inicial que dispone la see. 1029 de este título. La determinación de causa probable de la comisión de un nuevo delito es causa suficiente para, en ese momento, revocar provisionalmente los beneficios de la libertad a prueba. (Énfasis suplido.) 34 L.P.R.A. sec. 1027a.
También, cuando a una persona se le concede la libertad a prueba, según el inciso (b)(1) del Art. 404 de la Ley de Sustancias Controladas, ante, dicha ley también requiere que el probando acepte
... que, de ser acusado de cometer un delito grave, se celebre conjuntamente con la vista de determinación de causa probable la vista sumaria inicial que disponen las sees. 1026 a 1029 del Título 34. La determinación de causa probable de la comi-sión de un nuevo delito es causa suficiente para, en ese mo-mento, revocar provisionalmente los beneficios de libertad a prueba. 34 L.RR.A. sec. 2404(b)(1).
*227 II
Como expresáramos anteriormente, tanto el Art. 2A de la Ley de Sentencias Suspendidas, ante, como el Art. 404(b)(1) de la Ley de Sustancias Controladas, ante, también establecen que la vista de determinación de causa probable para arresto y la vista inicial para la revocación de libertad a prueba se puedan celebrar conjuntamente si al probando se le acusa de cometer un delito grave. En ambas leyes este requisito se formula como parte de las condiciones a las cuales el probando tiene que acceder para poder disfrutar de la libertad a prueba según dichas leyes. Además, proveen que la determinación de causa probable para arresto por la comisión de un delito grave es prueba suficiente para revocar provisionalmente la libertad del probando.(2)
Por consiguiente, de una lectura integral de las disposi-ciones pertinentes, claramente surge que el juez —en estas circunstancias— está obligado a celebrar ambas vistas simultáneamente. Es decir, dicha decisión no depende de la discreción del juez, sino que es un mandato que impone nuestro ordenamiento cuando a un probando que se en-cuentre disfrutando de libertad a prueba según se esta-blece en el Art. 404(b)(1) de la Ley de Sustancias Contro-ladas, ante, se le acusa de cometer un delito grave.
Cabe mencionar que el recurrido Acevedo Ramos, aun-que admite que la Ley de Sustancias Controladas dispone para la celebración conjunta de las vistas, argumenta que ello no procede en ausencia del probando. Arguye que la *228 celebración conjunta de las vistas sólo procede en ausencia del probando si se comprobase que éste se encuentra des-aparecido y que no existe manera de localizarlo. Además, argumenta que en el presente caso no se le notificó adecua-damente que se celebraría la vista sumaria inicial junto con la vista de determinación de causa para arresto, por lo que él no conocía de dicha posibilidad(3) Por ende, en-tiende que no se le citó adecuadamente y que él no era consciente de su derecho y obligación de estar presente en la vista inicial de revocación de probatoria. Para sustentar dichos argumentos, se refiere a nuestra decisión en Torres Rosario v. Alcaide, 133 D.P.R. 707 (1993). No le asiste la razón.
En Torres Rosario v. Alcaide, ante, resolvimos que se podía revocar finalmente la probatoria —y dictarse senten-cia en ausencia del probando— si se determina que ésta constituye una renuncia voluntaria a estar presente en ese momento. Sin embargo, el presente caso no versa sobre la revocación final de la libertad a prueba, sino meramente de la revocación provisional. Adviértase que, de ordinario, luego de la revocación provisional, el probando es acreedor del derecho a la celebración de una vista final de revoca-ción de la libertad a prueba, según el inciso (3) del Art. 4 de la Ley de Sentencia Suspendida, ante. Por lo tanto, en este caso, el probando aún tiene la oportunidad de confrontar la prueba que se presente en su contra y a presentar prueba a su favor en la vista final de revocación, lo cual garantiza el debido proceso de ley al que dicho imputado tiene derecho. Ello hace que no sea indispensable la presencia del pro-bando en esa primera vista inicial de revocación provisional.
En fin, una interpretación integral de los Arts. 2A y 4(2) *229 de la Ley de Sentencia Suspendida, ante, y del Art. 404(b)(1) de la Ley de Sustancias Controladas, ante, nos lleva a la conclusión de que el legislador creó una excepción al procedimiento ordinario de revocación de sentencia sus-pendida y libertad a prueba. Dicha excepción se activa cuando un probando es acusado de cometer un delito grave mientras disfruta de su libertad a prueba, según el Art. 404(b)(1) de la Ley de Sustancias Controladas, ante. En estas circunstancias particulares, se dispone que la vista de revocación inicial se celebre simultáneamente con la vista para la determinación de causa probable para arresto. Por lo cual, el juez que presida la vista de deter-minación de causa para arresto no tiene discreción para posponer la celebración de la vista inicial de revocación de libertad a prueba, aun cuando el probando no esté presente. Asimismo, las referidas leyes disponen que si el juez determina causa probable para el arresto del pro-bando, se revocará preliminarmente la. probatoria en ese momento.
En mérito de lo anteriormente expuesto y en vista de la determinación de causa probable para arresto por un delito grave contra Acevedo Ramos, debe entenderse revocada, preliminarmente, su libertad a prueba. En conformidad con lo anterior, procede devolver el caso al Tribunal de Pri-mera Instancia, Sala Superior de Aguadilla, para la conti-nuación de los procedimientos, comenzando por el señala-miento para la celebración de la vista final de revocación de probatoria.

Se dictará sentencia de conformidad.

 Posteriormente, dicha vista se pospuso para el 8 de diciembre del mismo año.

 Debe señalarse que la vista sumaria inicial para la revocación de la libertad a prueba, de ordinario, no se celebra junto con la vista de determinación de causa probable para arresto. Ello no obstante, y como expresáramos anteriormente, el in-ciso (2) del Art. 4 de la Ley de Sentencia Suspendida, 34 L.P.R.A. see. 1029(2), crea una excepción en el caso del probando que se le imputa la comisión de un delito grave. Dicho inciso dispone que si se trata de un probando que se encuentra disfru-tando de su libertad condicionada por el Art. 404(b)(1) de la Ley de Sustancias Con-troladas de Puerto Rico, 24 L.P.R.A. sec. 2404(b)(1), y se le imputa la comisión de un delito grave, la vista sumaria inicial se celebrará junto con la vista de determinación de causa probable del delito imputado.

 Cabe aclarar que surge del expediente que, aunque no es lo más común en la práctica, Acevedo Ramos fue citado a la vista de determinación de causa probable para arresto. Además, como señaláramos, dicha consideración es parte de las condi-ciones que debe aceptar el probando para poder disfrutar del beneficio de libertad a prueba.